WILLIAM CHARLTON, PLAINTIFF-APPELLANT, v. JOHN MITCHELL, DEFENDANT-APPELLEE.

Submitted October 4, 1938—Decided November 10, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiff-appellant, *William Charlton, pro se.*

For the defendant-appellee, *Frank P. Mulligan.*

PER CURIAM.

The Atlantic City District Court determined that the plaintiff below had no cause of action and judgment for the defendant was accordingly entered. The appeal comes before us on an agreed state of case as follows:

The defendant is a sergeant-at-arms of the District Court of Atlantic City in which court the plaintiff had a judgment against one Perlstein, an attorney-at-law, for the sum of $332.64 and costs. A writ of *fieri facias* was issued out of the court and delivered to the defendant for customary levy and execution. The sergeant-at-arms levied upon the sum of $200 due and owing to Perlstein for legal services performed for the executrix of the estate of one Boris Polonsky. The said sum represented a counsel fee allowed Perlstein by the Orphans Court of Atlantic county and the executrix paid over the said sum to the sergeant-at-arms. Perlstein, the judgment debtor, a married man, the head of a family and resident in this state, filed a claim of exemption with the defendant who thereupon turned over the said $200 to Perlstein, notwithstanding the objection of the judgment-creditor-plaintiff.

The suit is brought under section 201 of the statute concerning District Courts. *Rev. Stat.* 2 :32-163. That part of the statute provides that "if by reason of the negligence of a constable in the performance of any of the duties imposed upon him by this chapter respecting an execution, the execution creditor fails to recover the amount or any part thereof, to which he is entitled under the execution, with costs, the constable shall be liable to the execution creditor therefor, recoverable in an action of contract with double costs."

On this appeal the appellant urges that the trial court erred in determining that Perlstein was entitled to any exemption of money. Our statute concerning such exemption (*Rev. Stat.* 2 :26-99) provides "Goods and chattels, shares of stock or interests in any corporation and personal property of every kind not exceeding in value, exclusive of wearing apparel, $200, and all wearing apparel, the property of a debtor having a family residing in this state, shall be reserved, both before and after his death, for the use of his family, and shall not be liable to be seized or taken by virtue of any execution or civil process whatever issued out of any court of this state   *   *   *."

Briefly stated, the appellant's argument under his first point is that the statute quoted immediately above does not include money as something entitled to exemption up to the amount prescribed. We perceive no merit in this argument. None of the cases cited by the appellant (it is unnecessary to mention them) affords any support for the contention that money as such is not within the statutory exemption. We consider it settled that the statutory language "personal property of every kind" does include money. *Bouvier's Law Dictionary (Rawle's 3d Rev.)* 2577; 25 *C. J.* 80, §§ 132, 133. A further reading of the statute on exemption (*Rev. Stat.* 2:26-100) makes it clear that the legislature intended, when it spoke of "personal property of every kind," to include not only goods and chattels as they are ordinarily understood but all property of a personal character "which shall be subject to levy." The moneys in question, which were in the hands of an executrix but had been allowed to Perlstein as a counsel fee, were just as much subject to levy as moneys that he might have in a bank account.

It is next argued that the trial court erred in not finding the defendant guilty of negligence or default or both, under the circumstances herein exhibited, and that the entry of judgment for the defendant was error. These points are predicated upon the assumption that there is legal merit in the ground of appeal first argued, viz., that money as such was not by statute intended to be included in the exemption allowed. There being no merit in that point, these other grounds for reversal predicated thereon necessarily fail.

The judgment is affirmed, with costs.